UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MIREK RAMIREZ, et al.,

                Plaintiffs,

- v -

H.J.S. CAR WASH INC., et al.,

                Defendants.
----------------------------------------------------------x

**ORDER AWARDING ATTORNEYS' FEES, COSTS AND PREJUDGMENT INTEREST**

CV-11-2664 (VVP)

Following the entry of judgment in their favor, the plaintiffs timely filed the instant motion seeking their attorneys' fees, costs and prejudgment interest. The defendant Chou, against whom judgment has been entered, has filed no opposition to their motion.

**I.  ATTORNEYS' FEES AND COSTS**

The plaintiffs obtained judgment in their favor on their claims under both the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §§ 201-219, and under the New York Labor Law. Both laws require an award of attorneys' fees and costs to prevailing plaintiffs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).

Where a party is entitled to fees, the district court determines the "presumptively reasonable fee" by the "lodestar" method, which begins (and often ends) with a calculation of the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and

citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673 (2010)); *McDaniel v. County of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010). The Supreme Court held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Kenny A.*, 130 S. Ct. at 1672 (emphasis in original). Relying on its prior decision in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986), the Court stated that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Kenny A.*, 130 S. Ct. at 1673 (quoting *Delaware Valley,* 478 U.S. at 566).

In *Arbor Hill*, the Second Circuit provided guidance concerning the determination of the reasonable hourly rate used to calculate a "presumptively reasonable fee." Specifically, the lower courts were instructed to consider a multitude of case-specific factors[1] in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184, 190-91. District courts were to "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the

---

[1] These factors include, but are not limited to, the "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *Arbor Hill*, 522 F.2d at 184, 187-90 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases. *Johnson*, 488 F.2d at 717-19.

reasonableness of attorneys' fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. (emphasis in original). This determination is undertaken consistent with the principle that a "reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

To enable courts to make their analysis of the reasonableness of the attorneys' fees requested by a prevailing party, this Circuit requires contemporaneous billing records for each attorney, documenting the date, the hours expended, and the nature of the work. *See Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48, 1154 (2d Cir. 1983). The court may exclude hours that it finds excessive, duplicative, or unnecessary. *Duke v. County of Nassau*, No. 97-CV-1495, 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003) (citing *Hensley*, 461 U.S. at 434; *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

The plaintiffs have submitted affidavits by two attorneys – Michael Faillace and Jonathon Warner – and the billing records of their respective firms to substantiate the fees incurred. The billing records are sparse in their description of the tasks undertaken, but they provide sufficient detail for the court to assess the reasonableness of the time spent on the

tasks described. Having reviewed the records, I find no reason to exclude any of the hours listed by the attorneys on the grounds that they were excessive, duplicative or unnecessary.[2]

The hourly rates at which the attorneys seek to be compensated, however, are substantially in excess of those ordinarily awarded to counsel in these types of cases in this district. This case posed no unusual legal or factual issues. Indeed the trial lasted less than a day. Accordingly, in line with prevailing rates in this district for wage and hour cases, I find that the appropriate hourly rate for the partners who worked on this matter – Messrs. Faillace, Warner and Scheuerman – is $300 per hour, while the appropriate hourly rate for the associates – Ms. Rivero and Mr. Knauth – is $225 per hour. *Compare, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 94-95 (E.D.N.Y. 2012) (citing cases).

In view of the above considerations, the plaintiffs are entitled to a fee award of $39,750.[3]

The plaintiffs seek a total of $1,990 in costs which are supported by appropriate records. The costs include the filing fee, fees for service of process on the defendants, fees for a court reporter and for interpreters. All of the costs are reasonable and appropriate for reimbursement.

---

[2] Ordinarily, when five attorneys contribute to the handling of a simple case such as this, the court finds a good deal of unnecessary duplication of effort. The records here, however, disclose little such duplication because the tasks performed by Rivero, Knauth and Sheuerman were, for the most part, discreet from those performed by trial counsel, and time spent in attorney conferences with one another was relatively minimal.

[3] The award is calculated as follows: Faillace - 78.45 hours @ $300 = $23,535; Warner - 26.3 hours @ $300 = $7,890; Scheuerman - 11 hours @ $300 = $2,970; Rivero - 16.5 hours @ $225 = $3,712.50; Knauth - 7.3 hours @ $225 = $1,642.50.

## II.   PREJUDGMENT INTEREST

Finally, the plaintiffs seek an award of prejudgment interest.  They are entitled to an award of prejudgment interest on the portion of their damages obtained under the New York Labor Law, but not under the FLSA since the award of liquidated damages under the latter statute serves to compensate for the plaintiffs' delay in receiving their wages.  *See, e.g., Drozd v. Vlaval Const., Inc.*, No. 09 CV 5122, 2012 WL 4815639, at *2 (E.D.N.Y. Oct. 10, 2012) (citing *Gunawan*, 897 F. Supp. 2d at 92-93).  Thus, the plaintiffs are entitled to prejudgment interest on their awards for unpaid minimum and overtime wages earned during the period from July 1, 2008 to June 2, 2009, and for unpaid "spread-of-hours" wages earned from July 1, 2008 to the date of the filing of this action.  The statutory annual interest rate under New York law is nine percent, N.Y. C.P.L.R. § 5004, and where damages are incurred a various times, as they are here,[4] the court has the discretion to select a single reasonable intermediate date as the accrual date for purposes of calculating the interest, N.Y. C.P.L.R. § 5001(b).  *See, e.g., Gunawam*, 897 F. Supp. 2d at 93 (citing *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 596-97 (E.D.N.Y.), *aff'd in part, vacated in part on other grounds sub nom. Koylum, Inc. v. 1677 Ridge Rd. Realty Corp.*, 160 F. App'x 91 (2d Cir. 2005)).

A reasonable intermediate accrual date with respect to unpaid minimum and overtime wages under New York Labor Law is the midpoint between July 1, 2008 and June 2, 2009, which is January 1, 2009.[5]  As to unpaid "spread-of-hours" wages, the accrual point for each

---

[4] The damages for unpaid wages were not all incurred on July 1, 2008 as suggested by the plaintiffs, but rather each week throughout the plaintiffs' employment when they were paid less than the wages they were entitled to receive for the week.

[5] Only the plaintiffs Mirek Ramirez and Sergio Cordero are entitled to prejudgment interest for unpaid minimum and overtime wages, because the plaintiff Hilarino Mejia was not employed

plaintiff is different because the unpaid wages spanned different periods of time. For Mirek Ramirez, the unpaid "spread-of-hours" wages spanned the period from July 1, 2008 until he left employment on April 18, 2011; the intermediate accrual date for him would thus be midway between those dates, which is approximately December 1, 2009. For Sergio Cordero, the unpaid "spread-of-hours" wages spanned the period from July 1, 2008 until he left employment in February 2010; the intermediate accrual date for him is May 1, 2009. Finally for Hilarino Mejia, the unpaid "spread-of-hours" wages spanned the period from January 1, 2010 until he left on April 18, 2011, and the intermediate accrual date for him is September 1, 2010.

Applying the above considerations, the prejudgment interest through April 24, 2013 on the damages awards for each of the plaintiffs is as follows:

|  | Interest on Minimum and Overtime Wages[6] | Interest on Spread of Hour Wages[7] | TOTAL |
|---|---|---|---|
| Mirek Ramirez | $4,592.15 | $1,599.93 | $6,192.08 |
| Sergio Cordero | $6,498.72 | $1,331.12 | $7,829.84 |
| Hilarino Mejia | $0 | $575.18 | $575.18 |

---

during the period from July 1, 2008 to June 2, 2009 and thus received no damages for unpaid minimum and overtime wages under the New York Labor Law.

[6] The interest calculation with respect to unpaid minimum and overtime wages, during the applicable period, is based on totals of $15,404.25 for Ramirez and $21,799.78 for Cordero.

[7] The interest calculation on unpaid spread of hours wages is based on totals of $5,232.75 for Ramirez, $3,712.80 for Cordero, and $2,392.50 for Mejia.

## CONCLUSION

For the foregoing reasons the plaintiffs are awarded, collectively, attorneys' fees and costs in the total amount of $41,740.  In addition, each plaintiff is individually awarded prejudgment interest in the following amounts:

| | |
|---|---|
| Mirek Ramirez | $6,192.09 |
| Sergio Cordero | $7,829.84 |
| Hilarino Mejia | $575.18 |

The clerk is directed to enter judgment against the defendant Julie Chou accordingly.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         June 19, 2013